# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                                    **Case No. 03-CR-194**

**DARYLVOCIA GREER**
    **Defendant.**

## ORDER

Defendant Darylvocia Greer moves for an interruption of his sentence from August 19, 2010, to August 23, 2010, in order to attend the funeral of his uncle and comfort his family. I sentenced defendant to 300 months in prison on drug and firearm charges in 2005, reduced to 180 months in 2009. Defendant is currently incarcerated at Oxford FCI/FPC, with a projected release date of October 14, 2016. Defendant indicates that he applied to prison staff for a furlough, but his request was denied because uncles do not qualify as immediate family members under Bureau of Prisons ("BOP") guidelines.

Defendant contends that the court has authority to grant the relief requested under 28 U.S.C. § 1651(a), the All Writs Act, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." As defendant notes in his motion, district courts within this circuit have previously granted requests for interruption of sentence to attend funerals under § 1651(a). However, it does not appear that these courts specifically considered whether the All Writs Act provides an independent grant of jurisdiction to afford such relief, as opposed to assisting the court in enforcing its pre-existing jurisdiction. See United States v. Reed, No. 01-CR-20062, 2008 WL 4822045, at

*2 (C.D. Ill. Oct. 28, 2008). Generally, once sentence has been imposed, the court loses jurisdiction to make changes. See 18 U.S.C. § 3582(c); United States v. Smith, 438 F.3d 796, 798-99 (7th Cir. 2006); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000). Under 18 U.S.C. § 3622(a), the BOP may release a prisoner for specified purposes, including to visit dying relatives or attend funerals, but nothing in that statute appears to confer similar power on the sentencing court. See Reed, 2008 WL 4822045, at *3 (citing United States v. Premachandra, 78 F.3d 589 (8th Cir. 1996); Clay v. LaManna, 2008 WL 4680579 (D.S.C. Oct. 21, 2008)). Therefore, the motion will be dismissed.

Assuming, arguendo, that I have jurisdiction over defendant's motion, I deny it in the alternative. Absence from family affairs is one of the ordinary incidents of incarceration, and defendant has not demonstrated the propriety of an interruption of sentence under these circumstances. While courts may sympathize with a prisoner's desire to attend family funerals and comfort grieving relatives, the inability to do so is one of the many consequences of committing a crime. Further, the BOP's policy of permitting brief furloughs for immediate family members appears to reflect an appropriate balance between the need for compassion to inmates and their families in times of need, and the administrative costs and burdens of responding to every such request, no matter how distant the relative or how lengthy the furlough request. United States v. Van Ahn, No. 03-CR-296, 2006 WL 752904, at *1 (E.D. Wis. Mar. 22, 2006) (Griesbach, J.).

Finally, to the extent that the court may have authority to review the BOP's exercise of its authority under 18 U.S.C. § 3622, PS 5538.04, and PS 5280.08, defendant fails to demonstrate that the BOP improperly exercised its discretion or any other basis for judicial intervention in his case.

**THEREFORE, IT IS ORDERED** that the motion for interruption of sentence (R. 797) is **DISMISSED**. In the alternative it is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge